# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **TARA LLOYD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No. 1:17-cv-00640** |
| | ) |
| | ) |
| **TOLTECA ENTERPRISES, INC.;** | ) |
| **PHOENIX RECOVERY GROUP; and** | ) |
| **DOE 1-5** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

_____

## COMPLAINT
### (Jury Trial Demanded)

1.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.      This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activities herein alleged while Plaintiff so resided.

1

## PARTIES

3.      Plaintiff, Tara Lloyd (hereinafter "Plaintiff" or "Ms. Lloyd"), is a natural person residing in San Antonio, Texas.  Defendant, TOLTECA ENTERPRISES, INC. is a corporation believed to maintain its principle place of business at 2939 Mossrock, Suite 220 in San Antonio, TX.  Defendant, PHOENIX RECOVERY GROUP is believed to be a trade name or subsidiary of TOLTECA ENTERPRISES, INC. and maintaining a principle place of business at 2939 Mossrock, Suite 220 in San Antonio, TX.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5.       TOLTECA ENTERPRISES, INC, PHOENIX RECOVERY GROUP, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6.      Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7.      Defendants engaged in debt collection efforts in an attempt to collect a consumer debt allegedly owed by Ms. Lloyd.

8.       In February of 2012, Ms. Lloyd vacated her residence at Three Fountains Apartments.  As of February 21, 2012, Three Fountains claimed that Ms. Lloyd owed $5,435.45 in assorted cleaning/maintenance charges, a balance Ms. Lloyd disputed.

9.      On April 6, 2017, Three Fountains Apartments sent the account into collections with Defendants.

10.     Immediately upon receipt of the account, Defendants added a 40% or $2,174.18 "collection fee" to the balance.

11.     In April of 2012, Defendants reported the alleged debt of approximately $7,610.00 to Ms. Lloyd's credit reports.

12.     In June of 2016, Ms. Lloyd contacted Defendants in a good faith effort to resolve the debt.  However, when Three Fountains Apartments did not accept Ms. Lloyd's offer, Defendants warned Ms. Lloyd that the amount of the debt would be increased if she did not settle the debt at that time.  Ms. Lloyd, having disputed the legitimacy of the debt from the beginning, declined to pay what Defendants demanded.

13.     As of July 9, 2016, Defendants reported the alleged debt to Ms. Lloyd's credit reports in the amount of $7,635.00.  Following through on their threat, Defendants increased the amount of the alleged debt reported to Ms. Lloyd's credit reports to $13,680.00 as of July 20, 2016.

14.     In reaching the $13,680.00 figure, Defendants did the following:

- A "collection fee" in the amount of $2,174.18 was applied to the principle of $5,435.45, which resulted in a total of $7,609.63.

- Simple interest was applied at 18% to $7,609.63 from February 21, 2012 to what was then the present date (on or about July 20, 2016).

- The 18% interest was added to both the $5,435.45 principle and Defendants' $2,174.18 (40%) "collection fee."

3

- The 18% interest on Defendants' $2,174.18 (40%) "collection fee" was calculated as accruing from February 21, 2012, a date approximately 44-days before the "collection fee" was actually incurred.

15.     Even assuming the original starting balance of $5,435.45 to be valid, neither the $7,635.00 Defendants reported on July 9, 2016 nor the $13,680.00 reported on July 20, 2016, were correct pursuant to the terms of the agreement giving rise to the alleged debt.

16.     Defendants have continued to report erroneous balances to Ms. Lloyd's credit reports through the present day.

17.     Increasingly harassed and concerned with Defendants' erroneous reporting of the amount of the alleged debt to her credit reports, Ms. Lloyd retained counsel with Centennial Law Offices.

18.     As a direct result of the collection activity herein alleged, Ms. Lloyd has accrued legal fees of $2,855.00.

## CAUSES OF ACTION

### COUNT I

19.     Plaintiff re-alleges paragraphs 1 through 18, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692(e)8 by communicating credit information which Defendants knew or should have known to be false.

### COUNT II

4

20.     Plaintiff re-alleges paragraphs 1 through 18, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692f by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,855.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  June 29, 2017                                 s/Robert Amador
                                                              _____
                                                              Robert Amador, Esq.
                                                              Attorney for Plaintiff Tara Lloyd
                                                              Centennial Law Offices
                                                              9452 Telephone Rd. 156
                                                              Ventura, CA. 93004
                                                              (888)308-1119 ext. 11

(888) 535-8267 fax
R.Amador@centenniallawoffices.com